456 S.E.2d 36

**Ronda M. DERROW, Plaintiff Below, Appellant,**

v.

**Ronnie Lee BURKEY, Defendant Below, Appellee.**

**No. 21935.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1995.

Decided Feb. 23, 1995.

Gary L. Rymer, Moundsville, for appellant.

Ronnie Lee Burkey, appellee pro se.

FOX, Judge:[1]

This case comes before the Court on appeal from the Circuit Court of Marshall County, West Virginia. By an order entered 29 December 1992, the circuit court granted Ronnie Lee Burkey, the appellee, custody of two children, one of whom was born during a time when he and Ronda M. Derrow, the appellant, were cohabiting, and the other prior thereto. The court also ordered the appellant to pay child support and denied her relief as to certain matters relating to property.

The appellant asserts the circuit court erred in adopting the family law master's recommended findings and sets forth the following specific assignments of error: (1) the family law master's findings are incomplete and do not comply with statute or applicable case law; (2) the circuit court erred in refusing to allow appellant to be heard on the issue of paternity of the older child and fitness of the respective parties; (3) the cir-

1024, 1034, 124 S.E.2d 355, 362 (1962). *See also Highway Properties v. Dollar Savings Bank,* 189 W.Va. 301, 431 S.E.2d 95 (1993).

1. Pursuant to an administrative order entered by this Court on 18 November 1994, the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing 1 January 1995 and continuing through 31 March 1995, because of the physical incapacity of Justice W.T. Brotherton, Jr. On 14 February 1995 a subsequent administrative order extended this assignment until further order of said Court.

cuit court erred in adopting the recommendations of the family law master with regard to child support; and (4) the circuit court erred in refusing to remand the case to the family law master for further hearings regarding child custody and property distribution issues.

The record of the lower court proceedings, as designated by the appellant, and the petition for appeal and accompanying brief, are woefully inadequate. In addition, the appellee has made no appearance in opposition to this appeal. As a result, this Court is unable to make a reasoned determination as to the validity of the appellant's various assignments of error, save one, the paternity issue.

Ronda M. Derrow and Ronnie Lee Burkey began cohabiting in November, 1977, and continued in this relationship until June, 1991. They were never married. Prior to the actual commencement of cohabitation, a child, Michael Paul Derrow, was born to the appellant on 30 March 1977. Subsequently thereto, and during the period of cohabitation, another child, Ronnie Lee Derrow, was born on 25 June 1978. In 1982 the appellant initiated change of name proceedings which changed the surnames of the children from Derrow to Burkey.

On 18 June 1991, the appellant filed a complaint against the appellee, seeking custody of both children, child support for the younger child, and equitable distribution of all property acquired during the couple's relationship.[2] In her complaint, the appellant specifically alleged the appellee was *not* the father of Michael Paul Burkey, the older child. In his answer, the appellee averred he was the father of both children, and sought their custody.

The family law master conducted a hearing on 4 September 1991. The circuit court then entered an order on 26 September 1991 adopting the family law master's recommendations, granting custody of both minor children to the appellee.[3] The family law master held a second hearing on 13 January 1992, and tendered a recommended order to the circuit court. This order set forth the master's recommendations, specifically continuing custody of the children with the appellee, holding in abeyance the issue of child support, and denying the appellant's request for equitable distribution of property under *Goode v. Goode*, 183 W.Va. 468, 396 S.E.2d 430 (1990). This proposed order was never entered by the circuit court.

The appellant filed no petition for review or objections to the rulings set forth in the proposed order; however, the appellee filed a petition for review, asking for a reconsideration of the child support ruling. The matter was remanded to the family law master by the circuit court and, after a hearing, the family law master tendered another proposed order establishing child support against the appellant in an amount to be computed using the West Virginia Child Support Guidelines. Once again, this proposed order was never entered by the circuit court. To this proposed order, the appellant filed a *pro se*, handwritten document, objecting only to the *amount* of child support recommended by the family law master. The circuit court treated the appellant's filing as a petition for review.

On 16 October 1992, the circuit court conducted a hearing on the appellant's petition for review. Appellant was represented by her present counsel. At this hearing, for the first time to the knowledge of the circuit court as recited in its subsequent order, the appellant raised the issue of the paternity of the older child. The circuit court afforded the appellant an opportunity to file a pleading "to bring the question of paternity before

---

**2.** In *Goode v. Goode*, 183 W.Va. 468, 396 S.E.2d 430 (1990), this Court ruled that equitable distribution principles may apply to property acquired by a man and woman who are unmarried cohabitants but who have considered themselves and held themselves out to be husband and wife.

**3.** The circuit court's order of 26 September 1991 merely recites the appellee is to have custody of the minor children, subject to the appellant's right of visitation. The circuit court's final or-

der, entered 29 December 1992, further clarifies the matter by indicating the earlier custody arrangement was by agreement of the parties. And yet, in pleadings filed before this Court, the appellant indicates custody was granted in accordance with the preferences of the infants, both of whom were over fourteen years of age, per *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981).

[redacted] 

the court." The appellant thereafter filed no pleading on this issue.

The circuit court, after waiting three months for the paternity pleading which was never filed, entered its order of 29 December 1992. In that order, the circuit court recited certain actions of the appellant which caused it to conclude she had waived or abandoned the issue of the paternity of the older child. The order then "sustain[ed] the finding [sic] and approve[d] the recommended decision of the family law master...." It is from this order the appellant takes this appeal.

The appellant, in her complaint which gave rise to the civil action in the Circuit Court of Marshall County, denied that the appellee was the father of her older child. The appellee, in his answer, averred he was. Thus, the issue was clearly drawn. The record is not clear regarding whether paternity was ever addressed in hearings before the family law master. However, the family law master madè a custody recommendation which, in effect, resolved this issue in favor of the appellee. Regrettably, the family law master did not set forth any findings of fact or conclusions of law in support of the custody recommendation. Nevertheless, the circuit court adopted this recommendation.

[redacted] Under W.Va.Code § 48A-4-13(e) (1994 Cum.Supp.), family law masters must make findings of fact and conclusions of law on all issues resolved and incorporate them in a proposed order. When, as in this case, paternity of children is contested in a domestic proceeding, the family law master must conduct a full and fair hearing regarding the issue.[4] Further, a recommended order on child custody which, in effect, resolves paternity questions must set forth specific findings of fact and conclusions of law.

In this case, the family law master did not make the findings of fact and conclusions of law required to support the recommended order as it related to custody. For this reason, we must reverse the 19 December 1992 order of the Circuit Court of Marshall County on the custody issue.

Accordingly, the judgment of the Circuit Court of Marshall County is reversed as to the custody of the minor children, and remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

BROTHERTON, J., did not participate.

FOX, J., sitting by temporary assignment.

[redacted]

4. Reference is hereby made to syllabus points 2, 3, and 4 of *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 387 S.E.2d 866 (1989), with regard to conducting a paternity hearing in a proceeding such as this.